UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>Curtis A. Thompson,<br><br>Debtor. | Case No. C23-727RSM<br><br>Bankruptcy Case No. 22-11846-MLB<br><br>ORDER STRIKING FIVE AMENDED OPENING BRIEFS AND DISMISSING BANKRUPTCY APPEAL |

This case is on appeal from a Bankruptcy Court Order in Case No. 22-11846, Dkt. #116, issued on April 27, 2023. *See* Dkt. #15-9 at 2.

*Pro se* Appellant Carl Cook, creditor in the Bankruptcy Court action, began this action by filing a deficient notice of appeal. *See* Dkt. #4. The opening brief was due on August 30, 2023, with a response brief due September 29, 2023. Dkt. #6. Two days before the deadline, Mr. Cook filed an opening brief stating, on the first page: "Incomplete – Will be Amended." Dkt. #9. There are two pages of procedural history, alluding to Court bias and misconduct that "will be shown," without any details. Following that are entirely blank pages with these headings: "Issue on Appeal," "Argument," "Costs of the Bankruptcy," and "Conclusion." *See id*. Essentially Mr. Cook filed an outline, not a brief.

Mr. Cook then filed five amended briefs without leave of the Court. *See* Dkts. #10 through #14. Each adds a bit more to the brief. These were filed on September 5, 11, 18, 25,

ORDER STRIKING FIVE AMENDED OPENING BRIEFS AND DISMISSING
BANKRUPTCY APPEAL - 1

and 27. The last unauthorized amendment was filed with only two days before Appellee needed to file his response brief.

Appellee Curtis A. Thompson's briefs contains substantive responses to Mr. Cook's points, but first seeks to strike all of the above amendments as untimely and filed without leave. Dkt. #15. He also moves to dismiss this appeal. *Id.*

Federal Rule of Bankruptcy Procedure 8018 provides that the appellant in a bankruptcy appeal must file a timely brief within 30 days after the docketing of notice that the record has been transmitted. If an appellant fails to file a brief on time or within an extended time authorized by the district court, an appellee may move to dismiss the appeal. Fed R. Bankr. P. 8018(4). It is Appellant's burden to make certain that the record on appeal includes all of the transcripts and filed documents necessary to demonstrate the error claimed. Fed R. Bankr. P. 8009; Fed. R. App. P. 11(a); *Palmerin v. City of Riverside*, 794 F2d 1409, 1414 (9th Cir. 1986).

The Court agrees with Appellee that the five amended opening briefs are properly stricken as untimely under the above rules. Not only were they clearly untimely, and filed without leave, but such was done knowingly by Appellant and in a way that clearly prejudiced Appellee, requiring a constant reassessment of what to respond to, ultimately leading to a two-day period to respond instead of the original thirty-day period set by the Court. On Reply, Appellant discusses stressors in his life but fails to demonstrate good cause for these untimely amendments. Given all of the above, docket entries 10 through 14 are stricken as untimely.

The Court next moves to Appellee's Motion to Dismiss. Considering the original brief only, dismissal is clearly warranted for failure to set forth necessary facts and law. Further, Appellee correctly points out that at the time of the response brief, "Appellant has failed to provide adequate excerpts of the record to permit proper review, to wit, no transcripts were filed

ORDER STRIKING FIVE AMENDED OPENING BRIEFS AND DISMISSING BANKRUPTCY APPEAL - 2

within the time allowed by rule, and no exhibits from the Evidentiary Hearing have been included to date." Dkt. #15 at 8. Appellee further attacks what exhibits were attached to briefing and discusses a failure to provide specific citations. *See id.* at 8–9. On Reply, Appellant states "[a]s a layman Appellant was unaware that transcripts have not been transmitted from the Bankruptcy Court to District, as it seems they should have been." Dkt. #17 at 5. Appellant then attaches over 350 pages of exhibits to his Reply brief. Of course, there is no procedural opportunity for Appellee to respond to these exhibits now that briefing is closed.

Appellant points out many further procedural errors with the opening brief:

> Appellant's Brief does not include a table of authorities or a jurisdictional statement as required by Fed. R. Bankr. P. 8014. The Brief includes no basis for the bankruptcy court's subject matter jurisdiction, no basis for the district court's jurisdiction, nothing establishing the timeliness of the appeal, no assertion that the appeal is from a final judgment. These are all violations of Fed R. Bankr. P. 8014. Further, Appellant's Brief does not indicate an appropriate standard of review for any of his issues presented. Fed. R. Bankr. P. 8014(5). Appellant's Brief includes no summary of the argument, and it includes no citations to authorities or parts of the record in a discernable manner. Fed R. Bankr. P. 8014(7)(8). Central to Appellant's arguments is what he deems a lack of evidence regarding the number of payments made by himself to Appellee's first mortgage servicer. That said, Appellant has failed to include in the record on appeal any of the exhibits which were used by Judge Barreca to determine the proper amount of Appellant's claim. Fed R. Bankr. P. 8009(b)(5). Striking a Brief and Dismissing an appeal is appropriate where a brief and excerpt of record fails to comply with court rules. *In re Hirsh*, 188 F3d 513 (9th Cir.1999) (unpublished), citing, *N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir.1997); *Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir.1991) (per curiam); *see also Dela Rosa v. Scottsdale Mem'l Health Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1988). Similar to the case at bar, Mr. Hirsh was pro se, his Appellant's Brief was stricken, the appeal was dismissed.

*Id.* at 9–10.

ORDER STRIKING FIVE AMENDED OPENING BRIEFS AND DISMISSING BANKRUPTCY APPEAL - 3

The Court agrees with Appellee that the numerous procedural errors with the opening brief warrant dismissal. Appellant has essentially failed to file a complete, timely opening brief, and dismissal is also warranted under Federal Rule of Bankruptcy Procedure 8018(4). The Court has reviewed the arguments of Appellant on Reply attempting to persuade the Court that this case should be reviewed on the merits and is not convinced. For the reasons stated herein, this appeal is DISMISSED. This case is CLOSED.

DATED this 5th day of February, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER STRIKING FIVE AMENDED OPENING BRIEFS AND DISMISSING BANKRUPTCY APPEAL - 4